UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

CASE FILE NO. 12-56638
(D.C. Case No. 12-cv-03626-JFW-PJW)

JANE DOE NO. 14,

Plaintiff-Appellant,

v.

INTERNET BRANDS, INC., d/b/a
MODELMAYHEM.COM,

Defendant-Appellee.

## BRIEF OF APPELLEE

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF LOS ANGELES

PATRICK FRAIOLI
ERVIN COHEN & JESSUP LLP
*Attorney for Internet Brands, Inc.*
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, CA 90212-2974
Telephone: (310) 273-6333
Facsimile: (310) 859-2325

WENDY GIBERTI
IGENERAL COUNSEL, P.C.
*Attorney for Internet Brands, Inc.*
9595 Wilshire Blvd., Suite 900
Beverly Hills, CA 90212
Telephone: (310) 300-4082
Facsimile: (310) 300-8401

## CORPORATE DISCLOSURE STATEMENT

TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT:

PLEASE TAKE NOTICE that pursuant to Federal Rule of Appellate Procedure 26.1, Appellee Internet Brands, Inc., d/b/a ModelMayhem.com ("Appellee"), a California Corporation, certifies that Appellee has a parent company, Micro Holding Corp.; no publicly held corporation holds more than 10% of its stock.

DATED: March 15, 2013          s/Patrick Fraioli
                                     Patrick Fraioli

13379.2:1766666.1

# **TABLE OF CONTENTS**

**Page**

STATEMENT OF JURISDICTION ............................................................................1

    (a)    Statutory Basis of Subject Matter Jurisdiction of the District Court ............................................................................................................1

    (b)    Basis for Claiming Order Appealed From is Final and Appealable; Statutory Basis of Appellate Court Jurisdiction ...............1

    (c)    Timeliness of Appeal ............................................................................1

STATEMENT OF THE FACTS RELEVANT TO THE ISSUES SUBMITTED FOR REVIEW ............................................................................1

SUMMARY OF THE ARGUMENT ............................................................................3

I.    STANDARD OF REVIEW ............................................................................3

II.    THE DISTRICT COURT DID NOT ERR IN FINDING APPELLANT'S ONLY CAUSE OF ACTION—NEGLIGENCE— FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED ............................................................................3

    A.    Appellee Moved for Dismissal Pursuant to Fed. R. Civ. P. Rule 12(b)(6), Which Was Granted. ............................................................3

    B.    This Court Upholds Authority Providing Broad Immunity to "Publishers or Speakers" ............................................................................5

    C.    The Ruling in Barnes v. Yahoo!, Inc. Did Not Create an Exception to the Immunity Provided by the CDA for Tort Claims. ............................................................................8

III.    CONCLUSION ............................................................................10

**TABLE OF AUTHORITIES**

**Page**

## CASES

Barnes v. Yahoo!, Inc.
   570 F.3d 1096 (9th Cir. 2009) .............................................................. 8, 9, 10

Carafano v. Metrosplash.com, Inc.
   339 F.3d 1119 (9th Cir. 2003) ...................................................................... 6

Conley v. Gibson
   355 U.S. 41 (1957) ....................................................................................... 3

De La Cruz v. Tormey
   582 F.2d 45 (9th Cir. 1978) .......................................................................... 4

Doe II v. MySpace Inc.
   175 Cal. App. 4th 561 (2009) .................................................................. 5, 8

Edwards v. Marin Park, Inc.
   356 F.3d 1058 (9th Cir. 2004) ...................................................................... 3

Goddard v. Google, Inc.
   640 F. Supp 2d 1193 (N.D. Cal. 2009) ........................................................ 9

Jane Doe v. MySpace, Inc.
   528 F.3d 413 (5th Cir. 2008) ................................................................ 6, 7, 8

Robertson v. Dean Witter Reynolds, Inc.
   749 F.2d 530 (9th Cir. 1984) ........................................................................ 4

Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC
   548 F.3d 738 (9th Cir. 2008) ........................................................................ 1

Scheuer v. Rhodes
   (1974) 416 U.S. 232 ..................................................................................... 4

Zeran v. Am. Online, Inc.
   129 F.3d 327 (4th Cir. 1997) .................................................................... 6, 7

## **STATUTES**

28 U.S.C. § 1291 ............................................................................................... 1

28 U.S.C. § 1332(a) ........................................................................................... 1

47 U.S.C. §230(c) .......................................................................................... 3, 5

Fed. R. Civ. P. Rule 12(b)(6) ............................................................................ 3

Fed. Rule. Civ. P. 12(b)(6) ................................................................................ 1

# STATEMENT OF JURISDICTION

(a) **Statutory Basis of Subject Matter Jurisdiction of the District Court**

This civil action originated in the District Court based upon diversity jurisdiction. The parties are citizens of different states and Plaintiff/Appellant seeks damages in excess of $75,000. 28 U.S.C. § 1332(a)

(b) **Basis for Claiming Order Appealed From is Final and Appealable; Statutory Basis of Appellate Court Jurisdiction**

Plaintiff/Appellant appeals from the District Court's Order entered on August 16, 2013, dismissing the Plaintff/Appellant's Complaint with prejudice pursuant to Fed. Rule. Civ. P. 12(b)(6). Appellate courts have jurisdiction over final decisions of the district courts that dispose of all claims as to all parties. *Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 747 (9th Cir. 2008); 28 U.S.C. § 1291.

(c) **Timeliness of Appeal**

"In a civil case, the notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A) The District Court dismissed the Appellant's Complaint with prejudice on August 16, 2013. Appellant filed her notice of appeal on September, 5, 2013—twenty (20) days following entry of the dismissal. Respondent does not dispute that this appeal is timely.

# STATEMENT OF THE FACTS RELEVANT TO THE ISSUES SUBMITTED FOR REVIEW

Headquartered in El Segundo, California, Appellee, Internet Brands, is a media company that operates various websites and also develops and licenses internet software and, social and professional media applications. Within its Consumer Internet Division, Appellee owns and operates more than 200 principal

websites in seven different categories. One of the websites owned and operated by Appellee is "modelmayhem.com" (the "Website")–a social and professional networking site for models, make-up artists, stylists, and photographers. (ER[1] 5)

Appellant, Jane Doe No. 14, alleges she was assaulted by someone she met through the Website.[2] Specifically, Appellant alleges she was "lured to come to South Florida" where she was drugged and assaulted by unrelated third parties, Flanders and Callum. (ER 11, ¶ 2)) Based upon her allegations, Appellant claims that Appellee, as the Website owner, should be liable for the acts of these third parties because, (1) "[Appellant] was never warned nor given any information about this scheme by [Appellee], despite the fact that she was a MODELMAYHEM.COM member, which made her particularly vulnerable to the scheme" (ER 13, ¶ 10) and (2) [Appellee] had the requisite knowledge to avoid future victimizations of MODELMAYHEM.COM users by warning user of online predators generally, and of the scheme employed by Flanders and Callum in particular." (ER 16-17, ¶ 28) Appellant further alleges that Appellee had a duty to warn, a duty to disclose, and a "duty of protection from reasonably foreseeable harm." (ER 17 ¶ 33-34). Finally, Appellant alleges that her injuries were caused, "as a direct and proximate result of the fraudulent solicitation, drugging, and rape…" (ER 14, ¶ 14) Put simply, Appellant's claim relies entirely on her theory that Appellee had a common law duty to warn.

---

[1] Refers to Appellant's Excerpts of Record ("ER")

[2] Due to the District Court granting its Motion to Dismiss, Appellee did not file an Answer to the allegations in the Complaint. Appellee denies substantially all allegations in Appellant's Complaint, including that the alleged assailant contacted Appellant through the Website. Review of her account reveals she was not contacted by the alleged assailants through the Website.

## SUMMARY OF THE ARGUMENT

The District Court did not err in granting the Appellee's Rule 12(b)(6) Motion to Dismiss without leave to amend because Appellant's claim is barred by the Communications Decency Act, 47 U.S.C. §230(c) ("CDA"). The CDA provides Web-based service providers, such as the Appellee, broad immunity from claims, such as negligence, stemming from their publication of information created by third parties. The Appellant cannot possibly amend her Complaint to state a cause of action against the Appellee and her avenue for relief lies with third-party tortfeasors, and alleged criminals who are the proximate cause of her damages.

## I.

## STANDARD OF REVIEW

A District Court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim is reviewed de novo. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1061 (9th Cir. 2004). A motion under Rule 12(b)(6) should be upheld if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief[.]'" *Id.* citing, *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## II.

## THE DISTRICT COURT DID NOT ERR IN FINDING APPELLANT'S ONLY CAUSE OF ACTION—NEGLIGENCE—FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

A.  **Appellee Moved for Dismissal Pursuant to Fed. R. Civ. P. Rule 12(b)(6), Which Was Granted.**

*Federal Rules of Civil Procedure*, Rule 12(b), provides, in pertinent part, as follows:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> * * *
>
> (6) failure to state a claim upon which relief can be granted.
>
> * * *

A Motion to Dismiss under Rule 12(b)(6) is similar to the common law general demurrer, i.e., it tests the *legal sufficiency* of the claims stated in the Complaint. "The issue is not whether a plaintiff's success on the merits is likely but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish [her] claims." *Scheuer v. Rhodes* (1974) 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90. In considering a Motion to Dismiss brought under Rule 12(b)(6), the court's duty is to, "determine whether or not it appears…under existing law that no relief can be granted under any set of facts that might be proved in support of plaintiffs' claims." *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978) "A complaint may be dismissed as a matter of law for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

Appellant's only claim—a claim of negligence for failure to warn—is fatally defective. Applicable law does not create a duty of care, a duty to warn, and provides immunity under the circumstances alleged in the original Complaint. As "no relief can be granted under any set of facts that might be proved in support of [Appellant's] claim" as pleaded, dismissal pursuant to Rule 12(b)(6) was appropriate. The District Court properly applied the correct law to the admitted facts in this case.

### B. This Court Upholds Authority Providing Broad Immunity to "Publishers or Speakers"

The Ninth Circuit is in agreement with well-settled authority that establishes Appellee does not have a duty to warn its users of the harm alleged and is absolutely immune from liability for the harm alleged in this case. Under the law, "Web-based service providers", such as the Appellee are provided a broad immunity from claims stemming from their publication of information created by third parties.

In rendering its decision, the District Court carefully evaluated the applicable Ninth Circuit and California authority in a comprehensive minute order with a detailed statement of ruling, citing the factual and procedural background, legal standard and discussion. (ER 5-9). The Court found the facts in the instant case nearly identical to those of *Doe II v. MySpace Inc.*, 175 Cal. App. 4th 561 (2009). The court in *Doe II* carefully and thoroughly reviewed voluminous state and federal decisions regarding similar claims to that in this case, and concluded that web-based service providers, such as the Appellee, are not liable for common law torts committed by one user against another user, absent a separate contractual obligation, which does not exist in this case.

> The question posed by this appeal is: Can an Internet Web server such as MySpace Incorporated, be held liable when a minor is sexually assaulted by an adult she met on its Web site? The answer hinges on our interpretation of section 230 of the Communications Decency Act. We hold section 230 immunizes MySpace from liability. (citations omitted).

The *Doe II* court's interpretation of the Communications Decency Act, 47 U.S.C. §230(c) (the "CDA"), relied upon extensive and unanimous authority upholding the immunity granted by the CDA to web-based service providers for all civil claims brought by a web user for harm caused by another user, as set forth more

fully below. The *Doe II* court's interpretation of section 230 of the CDA began with a review of the express language of the statute, which provides, in pertinent part:

> Protection for 'good Samaritan' blocking and screening of offensive material
>
> (1) Treatment of publisher or speaker
>
> 'No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider.
>
> (2) Civil liability
>
> No provider or user of an interactive computer service shall be held liable on account of –
>
> (A) any action voluntarily taken in good faith to restrict access to or availability of material that the provider or user considers to be obscene, lewd, lascivious filthy, excessively violent, harassing, or otherwise objectionable, whether or not such material is constitutionally protected; or
>
> (B) any action taken to enable or make available to information content providers or others the technical means to restrict access to material described in paragraph (1).

The *Doe II* court specifically found that section 230 of the CDA applied to all common law torts. "The express language of the statute indicates Congress did not intend to limit its grant of immunity to defamation. Instead, the legislative history demonstrates Congress intended to extend immunity to all civil claims." *Doe II*, 175 Cal. App. 4th at 568.

The court reviewed uniform authority from this and other jurisdictions, including *Jane Doe v. MySpace, Inc.*, 528 F.3d 413 (5th Cir. 2008) ("*Jane Doe v. MySpace*"); *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119 (9th Cir. 2003); and *Zeran v. Am. Online, Inc.*, 129 F.3d 327 (4th Cir. 1997) ("*Zeran*"). Each of those cases is directly on point; the first two of which involve the sexual exploitation, abuse, or assault of female victims. The *Doe II* court concluded that the *Jane Doe v. MySpace* case was "exactly on point" and similarly ruled that the CDA provided

immunity to web-based service providers, such as the Appellee. *Doe II*, at 573, fn. 6. In the *Jane Doe v. MySpace* case, the Fifth Circuit also held that the immunity provision of the CDA still applied even if the Defendant had actual knowledge of the alleged tortious conduct. "Thus like strict liability, liability upon notice has a chilling effect on the freedom of Internet speech. . . Because the probable effects of distributor liability on the vigor of Internet speech and on service provider self-regulations are directly contrary to §230's statutory purposes, we will not assume that Congress intended to leave liability upon notice intact." *Jane Doe v. MySpace, supra*, at 419 (quoting *Zeran, supra*, at 333.)

The *Doe II* court also relied upon the Fourth Circuit Court of Appeals decision in *Zeran, supra*, quoting:

> Congress' purpose in providing the §230 immunity was thus evident. Interactive computer services have millions of users. The amount of information communicated via interactive computer services is therefore staggering. The specter of tort liability in an area of such prolific speech would have an obvious chilling effect. It would be impossible for service providers to screen each of their millions of postings for possible problems. Faced with potential liability for each message republished by their services, interactive computer service providers might choose to severely restrict the number and type of messages posted. Congress considered the weight of the speech interests implicated and chose to immunize service providers to avoid any such restrictive effect.

*Id.* at 567. (quoting *Zeran*, at 331). Finally, authority is also well-settled that a web-based service provider need not adopt safety measures in order to receive the protection afforded by the CDA. *Doe II*, at 572-73 ("That appellants characterize their complaint as one for failure to adopt reasonable safety measures does not avoid the immunity granted by section 230").

In this case, Appellant's allegations are identical to those pleaded in the *Doe II* and *Jane Doe v. MySpace* cases. Appellant alleges she was contacted through

the Website and was "lured" to South Florida by her assailants. Her harm occurred off-line as a result of tortious conduct by two individuals un-affiliated with Appellee. As in the other cases cited by the *Doe II* court, the allegations do not give rise to a cause of action against the web-based service provider because Appellee did not owe Appellant a duty to warn, and is entitled to the broad immunity provided under the CDA. Therefore, Appellant has failed to state a claim upon which relief may be granted because under the circumstances, as a matter of law, Appellant cannot possibly overcome the broad immunity provisions under the CDA and the applicable case law. The District Court therefore did not err in dismissing Appellant's Complaint with prejudice.

Lastly, Appellant cannot plead or allege that Appellee failed to perform in accordance with any legally recognized duty which was the proximate cause of her injuries. As with the *Doe II* and *Jane Doe v. MySpace* cases, the injury occurred off-line, which means the web-based service provider was not the proximate cause of the Appellant's injury. *Julie Doe II*, at 574. Here, Appellant pleaded that her injuries were caused by unrelated third parties, not Appellee. As such, and consistent with authority on this point, Appellant cannot state a claim for relief in the absence of a proximate causation allegation, which is an additional, independent basis upon which to dismiss the Complaint. The District Court's dismissal of the Appellant's Complaint would therefore also have been proper due to the absence of proximate causation on the allegations by Appellee.

### C. The Ruling in Barnes v. Yahoo!, Inc. Did Not Create an Exception to the Immunity Provided by the CDA for Tort Claims.

Appellant relies entirely on this Court's holding in *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096 (9th Cir. 2009). However, Appellant grossly misstates the holding in that case and its inapplicability to the very different record in this case.

Appellant also fails to address another opinion issued only 8 days later in *Goddard v. Google, Inc.*, 640 F. Supp 2d 1193 (N.D. Cal. 2009).

First, the *Barnes* case held that the CDA did protect Yahoo!, a Web-based service provider, from liability for negligence, but did not immunize it from a promissory estoppel claim arising from entirely different facts, where Yahoo! contracted to remove certain posts from its site. However, the Court was clear in its narrow ruling:

> Therefore, we conclude that, insofar as Barnes alleges **a breach of contract claim** under the theory of promissory estoppel, subsection 230(c)(1) of the Act does not preclude her cause of action.[4]

Only eight days later, in the *Google* case, this Court discussed extensively the application of the new ruling in *Barnes* and held as follows:

> Read as broadly as possible, *Barnes* stands for the proposition that when a party engages in conduct giving rise to an independent and enforceable contractual obligation, that party may be "h[eld] ... liable [not] as a publisher or speaker of third-party content, but rather as a counter-party to a contract, as a promisor who has breached.

The court went on to discuss that there was no allegation that *Google* ever promised the Plaintiff it would do something above and beyond what it was otherwise obligated to do, and refused to extend the *Barnes* holding. The same is true here. Appellee is not alleged to have as a publisher of third-party content, become a promisor of independent and enforceable contractual obligations, and then breached those obligations. Thus, *Barnes* has no applicability to this case.

Similarly, Appellant's contention that Appellee somehow assumed a duty to warn by filing suit against the prior owners of the Website, for breach of contract

---

[4] *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096 (9th Cir. 2009) (emphasis added).

and fraud in the sale of the Website, also fails. First, that Complaint is not part of the record on appeal. Moreover, Appellant's contention is contradicted by its own admission and by *Barnes*. Appellant here claims only that the suit showed knowledge of other torts or crimes, giving rise to a duty to warn. (ER 16, ¶22-18, ¶40.) As set forth above, this does not give rise to a duty to warn on the part of web-based publishers of third-party content. Nor does it bring the facts of this case within *Barnes*' narrow "independent and enforceable contractual obligation" exception, since no such promise or obligation was ever even alleged in this case. It is a classic red herring.

## III.

## CONCLUSION

The law is well-settled and unanimous; the CDA provides immunity to web-based service providers for common law torts committed by website users. Persons injured or otherwise damaged by third party tortfeasors are not without remedy, and may hold directly liable the person(s) causing the harm. Appellant's relief rests with the alleged third party tortfeasors, but her claim against Appellee is barred as a matter of law under the CDA and applicable case law.

By:   s/ Patrick Fraioli
Patrick Fraioli
Ervin Cohen & Jessup LLP
*Attorneys for Internet Brands, Inc.*
9401 Wilshire Blvd., 9th Floor
Beverly Hills, CA 90212-2974
Tel: (310) 273-6333
Fax: (310) 859-2325

Wendy Giberti
iGeneral Counsel, P.C.
*Attorneys for Internet Brands, Inc.*
9595 Wilshire Blvd., Suite 900
Beverly Hills, CA 90212
Tel: (310) 300-4082
Fax: (310) 300-8401

## STATEMENT OF RELATED CASES

The undersigned is unaware of any related cases pending in this Court.

s/ Patrick Fraioli

**Form 6.     Certificate of Compliance With Type-Volume Limitation, Typeface Requirements, and Type Style Requirements**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    ☒ this brief contains 3,379 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    ☐ this brief uses a monospaced typeface and contains _____ lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    ☒ this brief has been prepared in a proportionally spaced typeface using *(state name and version of word processing program)* Microsoft Office Word *(state font size and name of type style)* 14 - New Times Roman , *or*

    ☐ this brief has been prepared in a monospaced spaced typeface using *(state name and version of word processing program)* _____ with *(state number of characters per inch and name of type style)* _____

Signature  s/Patrick Fraioli

Attorney for  Defendant Internet Brands, Inc.

Date  March 15, 2013

| 9th Circuit Case Number(s) | 12-56638 |
|---|---|

NOTE: To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

*************************************************************************

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) March 15, 2013.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format)     s/Patrick Fraioli

*************************************************************************

## CERTIFICATE OF SERVICE
### When Not All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) [ ].

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format)