**No. 12-56638**

---

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

---

JANE DOE NO. 14,

*Plaintiff-Appellant,*

v.

INTERNET BRANDS, INC., D/B/A
MODELMAYHEM.COM,

*Defendant-Appellee.*

---

On Appeal from the United States District Court
for the Central District of California
D.C. Case No. 12-cv-03626-JFW-PJW

---

**PLAINTIFF-APPELLANT'S RESPONSE IN OPPOSITION TO MOTION
FOR LEAVE TO FILE BRIEF FOR AMICI CURIAE**

---

HERMAN LAW
Jeff Herman
Stuart S. Mermelstein
*Attorneys for Jane Doe No. 14*
3351 NW Boca Raton Boulevard
Boca Raton, FL 33431
Tel: 305-931-2200
Fax: 305-931-0877

November 24, 2014

Defendant-Appellee Internet Brands, Inc., filed a Petition for Rehearing or Rehearing En Banc on October 31, 2014. A group of internet service providers (the "ISP's")[1] now move for leave to file an amicus curiae brief pursuant to Fed. R. App. P. 29(b). For the reasons discussed below, the issues in this appeal are neither novel nor particularly complex, and therefore consideration of an amicus curiae brief would be inappropriate.

## THIS APPEAL DOES NOT INVOLVE NOVEL OR PARTICULARLY COMPLEX ISSUES

The panel's Opinion dated September 17, 2014, represents a straight forward application of the Communications Decency Act ("CDA"), 47 U.S.C. §230(c). It adheres to applicable precedent in this Circuit, particularly <u>Barnes v. Yahoo!, Inc.</u>, 570 F.3d 1157 (9th Cir. 2008) and <u>Fair Housing Counsel v. Roomates.Com, LLC</u>, 521 F.3d 1157 (9th Cir. 2008). The panel's Opinion does not present a novel issue. Its concise reasoning and decision further demonstrate that the issue before the Court is not particularly complex. Accordingly, consideration of an amicus brief in support of Appellee's Petition for Rehearing or Rehearing En Banc should be rejected. <u>See</u> 9th Cir. R. 29-2 (Circuit Advisory Committee Note) ("[t]he court considers the filing

---

[1] The proposed amici moving for leave to file a brief are identified as The Computer and Communications Industry Association; The Internet Association; Care.com, Inc.; craigslist, Inc.; Facebook, Inc.; IAC/InterActiveCorp; and Tumblr, Inc.

1

of amicus curiae briefs only when the post-petition deliberations involve novel or particularly complex issues").

The ISP's request for leave to file a brief is predicated upon an argument that the panel's Opinion substantially impairs the sanctity of the blanket immunity provided by the CDA to internet service providers relating to third party content. Nothing in the language of the CDA nor its interpretative case law, however, indicates that internet service providers are entitled to a blanket immunity from all tort claims. Rather, the CDA precludes only suits that treat internet service providers as the "publisher or speaker" of information content from a third party user. 47 U.S.C. §230(c)(1). The "publisher or speaker" language of the CDA has been held to encompass efforts to edit or remove third party content. Barnes, 570 F.3d at 1101-03.

As noted in the panel's Opinion, the claim of Plaintiff-Appellant Jane Doe "is different." (Opinion, p. 8). Her particular failure to warn claim "has nothing to do with Internet Brands' efforts, or lack thereof, to edit or remove user generated content." (Id., p.10). This conclusion is entirely consistent with court decisions applying the "publisher or speaker" language of the CDA, as discussed in the panel Opinion. (Id., pp. 8-13). The assertions of the ISP's in their Motion that the panel's Opinion "significantly departs from the settled interpretation of Section 230", is "contrary to the broad consensus of other courts. . .", and "would stifle innovation

on the Internet" do not withstand scrutiny. While other courts have dismissed claims against interactive computer services that sought to restrict or remove user-generated content based on the "publisher or speaker" language of the CDA, this is not such a case. There is no "broad consensus" or "settled interpretation" under the CDA that would bar a negligent failure to warn claim that is unconnected to the editing or removal of user content.[2]

## THE PANEL'S DECISION WILL NOT THWART OR STIFLE THE FREE EXCHANGE OF CONTENT ON THE INTERNET

The ISP's claim an expansive reach for the panel's decision that would purportedly permeate all internet businesses involved in user-generated content to their great detriment. The "parade of horribles" advocated by the ISP's, however, lacks merit as it not only distorts the effect of the panel's decision on the application of the CDA but exaggerates the reach of tort law to apply in circumstances that are unrealistic and would not satisfy the elements of duty and causation. The ISP's essentially attempt to expand the panel's decision to support their amicus participation, contending that its holding will open the door to a broad duty to warn

---

[2] The panel's Opinion asserts that "this case presents the novel issue of whether the CDA bars Jane Doe's failure to warn claims under California law." (Opinion, p. 13). While the *application* of the CDA to the particular claim brought by Jane Doe may be novel, the *issue* itself is not. Jane Doe's claim does not make the CDA's application in this instance a particularly complex or difficult issue.

of generally known risks involved in networking, dating, or otherwise posting content on social media, such as, for example, the risk of sexual assault. That is not a fair reading of the panel's decision. Simply because the CDA's limited immunity does not apply to the negligent failure to warn claim in this case does not open the floodgates to claims alleging a failure to warn users of general or obvious dangers, particularly where tort law would not contemplate such liability. The straightforward application of the CDA in this case – where there is no attempt to restrict, limit or otherwise regulate user content posted on a website – simply does not portend the doomsday scenario argued by the ISP's.

## **CONCLUSION**

Based on the foregoing, leave to file an amicus brief is unwarranted under Fed. R. App. P. 29(b) and 9th Cir. R. 29-2. Plaintiff-Appellant respectfully requests that the Motion for leave to file an amicus curiae brief be denied.

By: s/ Stuart S. Mermelstein<br>
Jeffrey Herman<br>
Stuart S. Mermelstein<br>
HERMAN LAW<br>
*Attorneys for Jane Doe No. 14*<br>
3351 NW Boca Raton Boulevard<br>
Boca Raton, FL 33431<br>
Tel: 305-931-2200<br>
Fax: 305-931-0877

Dated: November 24, 2014

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on November 24, 2014.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                                                        s/ Stuart S. Mermelstein